# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re: D.W.**

**No. 13-0786** (Wirt County 12-JS-25)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner D.W., by counsel G. Bradley Frum, appeals the Circuit Court of Wirt County's May 7, 2013, adjudicatory order placing him in the Department of Health and Human Resources' ("DHHR") custody.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in failing to refer him to the DHHR for services at adjudication.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed a juvenile delinquency petition alleging that petitioner, then fourteen years old, habitually refused to attend school during the 2012-2013 school year. Petitioner accumulated forty-two absences as of October 24, 2012, just three months into the school year; twenty-five absences were unexcused. Petitioner filed a motion for an improvement period in which he asserted that he took responsibility for his truancy, would cooperate with the DHHR and school officials, and would attend school. The circuit court granted the pre-adjudicatory improvement period by order entered on December 20, 2012.

In a court report dated April 1, 2013, the DHHR noted that despite being granted an improvement period, petitioner missed an additional fifty-four and one-half days of school since October 24, 2012. Forty of those absences occurred after he was granted an improvement period. On April 9, 2013, the circuit court held an adjudicatory hearing, during which petitioner admitted

---

[1]In keeping with this Court's policy of protecting the identity of minors, petitioner will be referred to by his initials throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Although petitioner nominally designates the circuit court's placement of "custody" with the DHHR as error, petitioner's scant discussion is comprised entirely of the argument that the assessment to which he was referred was not a proper referral for "services" pursuant to West Virginia Code § 49-5-11. W.Va. R.App.Pro. 10(c)(7).

1

to the allegations in the petition. The circuit court adjudicated petitioner as a status offender and ordered that he undergo a comprehensive assessment and planning system him at the Gustke Shelter. It is from this adjudicatory order that petitioner appeals.

We have previously held that "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Steven H.*, 215 W.Va. 505, 600 S.E.2d 217 (2004). Here, petitioner's entire argument turns on an interpretation of West Virginia Code § 49-5-11(d), which reads, in relevant part, that

> [i]f the allegations in a petition alleging that the juvenile is a status offender are admitted or sustained by clear and convincing proof, the court shall refer the juvenile to the Department of Health and Human Resources for services . . . and order the department to report back to the court with regard to the juvenile's progress at least every ninety days . . . .

Petitioner argues that this statute required the circuit court to refer him to the DHHR for services. However, petitioner cites to no case law indicating that the assessment ordered below does not constitute "services" under West Virginia Code § 49-5-11(d). Nor does petitioner's argument acknowledge that the matter had already been referred to the DHHR and that services had been provided, to no avail, since as early as November of 2012, when he was granted a pre-adjudicatory improvement period. It is clear from the record that the services petitioner was offered failed to abate his truancy issues and that the circuit court did not err in ordering petitioner undergo an assessment for implementation of additional services.

For the foregoing reasons, the circuit court's May 7, 2013, adjudicatory order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II