# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-0908** (Marion County 13-F-37)

**William G., Defendant Below,
Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William G., by counsel Justin Gregory, appeals the Circuit Court of Marion County's July 17, 2013, order sentencing him to consecutive terms of incarceration of ten to twenty years for his convictions of two counts of sexual abuse by a parent, guardian, or custodian.[1] These sentences followed petitioner's entry of guilty pleas to the crimes. The State, by counsel Benjamin Yancey III, filed a response. On appeal, petitioner alleges that the sentences imposed by the circuit court are excessive and disproportionate to the crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From February of 2007 through November of 2012, petitioner engaged in multiple instances of sexual intercourse or intrusion with a minor female victim. As a result, petitioner was indicted in Criminal Action No. 13-F-37 on ten counts of first degree sexual assault and ten counts of sexual abuse by a parent, guardian, or custodian. In April of 2013, petitioner accepted a plea agreement and entered guilty pleas to two counts of sexual abuse by a parent, guardian, or custodian. As part of the agreement, the remaining counts were dismissed and sentencing was left to the circuit court's discretion.

In July of 2013, the circuit court sentenced petitioner to consecutive terms of incarceration of ten to twenty years on each count of sexual abuse by a parent, guardian, or custodian pursuant to West Virginia Code § 61-8D-5. Additionally, the circuit court ordered

---

[1]In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013) (per curiam); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

petitioner to serve a period of thirty years of supervised release after his incarceration. It is from this order that petitioner now appeals.

Petitioner's sole argument on appeal is that his sentences violate Article III, Section Five of the West Virginia Constitution because the punishment is not proportionate to the character and degree of the offenses for which he was convicted. Specifically, petitioner asserts that his sentence amounts to a life sentence because of his age. Petitioner further argues that the sentence is impermissible because he presents a low risk to reoffend and because he served in the military for twenty years prior to being honorably discharged.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

Upon our review, we find that petitioner's sentence is not appropriate for review. The penalty for each offense under West Virginia Code § 61-8D-5 is a term of incarceration of "not less than ten nor more than twenty years . . . ." A review of petitioner's sentences shows that he was sentenced within the applicable statutory guidelines for these crimes. Further, petitioner does not allege that the circuit court based its sentence on an impermissible factor. We have further stated that

> [i]n determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). In *State v. Cook*, 228 W.Va. 563, 723 S.E.2d 388 (2010), this Court upheld a sentence of twenty to sixty years for similar crimes. As we said in *Cook*, it was the Legislature's "decision to impose stiff penalties on specified individuals who commit acts of sexual abuse on children under their care, supervision, or trust . . . ." *Id*. at 572, 723 S.E.2d at 397. Under the facts of this case, the sentences imposed were within statutory limits and not based on an impermissible factor, nor were they disproportionate to the crimes. Importantly, petitioner benefitted from the dismissal of eighteen counts pursuant to his plea agreement, as those counts carried a potential sentence of incarceration of 350 to 1,760 years. Therefore, we find no error in the circuit court's sentencing order.

For the foregoing reasons, the circuit court's July 17, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II