# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wilma D. Miller, Administratrix,**
**Plaintiff Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0929** (Randolph County 12-C-31)

**Elkins-Randolph County Emergency Squad Inc.,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wilma D. Miller, by counsel D. Aaron Rihn and C. Richard Wilson, appeals the August 14, 2014, order of the Circuit Court of Randolph County, that granted summary judgment to Respondent Elkins-Randolph County Emergency Squad, Incorporated. Respondent by counsel, Steven K. Nord and Michael R. Dockery, filed a response.  Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 6, 2010, petitioner and her husband called Randolph County 911 for assistance when their daughter, Melanie Miller, ("the decedent") who was ill, fell in the bathroom.  Randolph County 911 then called Respondent Elkins-Randolph Emergency Squad (EMS) for assistance. However, neither petitioner nor her husband spoke directly to anyone employed by respondent, at any time, during the incident.  All of the conversations took place between respondent and/or her husband and Randolph County 911.  Approximately six minutes after the first call, petitioner called again, asking EMS to hurry and reporting that her daughter was unconscious.

When EMS arrived at petitioner's residence, twenty-two minutes after the initial call for help, petitioner and her husband had already transported their daughter to the hospital in their private vehicle. When the decedent arrived at Davis Memorial Hospital, she had no pulse or respiration.  Despite best efforts, the decedent was pronounced dead less than three hours after her arrival.  The cause of death was myocardial infarction.

Petitioner filed suit against the Randolph County 911, and Respondent Elkins-Randolph

1

County EMS.[1] Respondent is a separate statutory and governmental entity/subdivision with its own Board of Directors, budget, rules and regulations. Petitioner's amended complaint alleges that respondent was negligent in failing to have proper equipment on their vehicles, failing to train employees, and failing to respond properly to the calls from Randolph County 911, and that respondent's negligence caused Ms. Miller's death.

Respondent filed a motion for summary judgment at the close of discovery. After hearing oral argument, the circuit court entered an order on August 14, 2014, granting respondent's motion. The circuit court found that West Virginia Code § 29-12A-5(a)(1) and (5) of the West Virginia Governmental Tort Claims and Reform Act provide that political subdivisions are immune from allegations related to quasi-legislative functions and the method of providing emergency services. The circuit court further found that decisions by political subdivisions concerning budgets and funding are quasi-legislative functions for which immunity is provided under West Virginia Code § 29-12A-5(a)(1), and that respondent was "immune from decisions concerning the purchase of ambulances or GPS systems, the hiring of additional personnel, or the manner in which emergency services are provided." Petitioner appeals the August 14, 2014, order that granted summary judgment in favor of respondent and dismissed petitioner's claim with prejudice.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *id*. Further,

> [a] motion for summary judgment should be granted if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law.

Syl. Pt. 5, *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971).

Petitioner asserts that the circuit court erred in granting summary judgment to respondent, because respondent is liable to petitioner under the "special relationship" doctrine.[2] Petitioner

---

[1] Randolph County 911 settled separately with petitioner.

[2] Petitioner also asserts as an assignment of error that the circuit court erred in granting summary judgment in favor of respondent, as respondent had waived its immunity under the West Virginia Governmental Tort Claims Act to the extent of any available liability insurance coverage. *See* W.Va. Code § 29-12A-9. However, we decline to address this assignment of error as petitioner did not introduce the subject insurance policy into evidence at the trial court level, or include a copy of the subject insurance policy in the appendix record of this case for our review. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, in pertinent part,
(continued . . .)

2

argues that there was a special relationship between EMS and the decedent which created an exception to the statutory immunity provided by the West Virginia Governmental Tort Claims Act. Petitioner asserts that because the only way to contact respondent is through Randolph County 911, then contact with Randolph County 911 should be constructively considered to be direct contact, or a form of direct contact, in the interest of equity and fairness.

A governmental entity's duty in the context of an alleged failure to provide any, or sufficient, emergency public service to a particular individual is defined at common law by the public duty doctrine. *See Randall v. Fairmont City Police Dep't*, 186 W.Va. 336, 346, 412 S.E.2d 737, 747 (1991). *See also Parkulo v. W.Va. Bd. of Prob. and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996). Under the public duty doctrine, "a local governmental entity's liability . . . may not be predicated upon the breach of a general duty owed to the public as a whole, instead, only the breach of a duty owed to the particular person injured is actionable." *Holsten v. Massey*, 200 W.Va. 775, 780, 490 S.E.2d 864, 869 (1997). However, "'[i]f a special relationship exists between a local governmental entity and an individual which gives rise to a duty to such individual, and the duty is breached causing injuries, then a suit may be maintained against such entity.' Syl. pt. 3, *Benson v. Kutsch*, 181 W.Va. 1, 380 S.E.2d 36 (1989)." Syl. Pt. 1, *Wolfe v. City of Wheeling*, 182 W.Va. 253, 387 S.E.2d 307 (1989).

> To establish that a special relationship exists between a local governmental entity and an individual, which is the basis for a special duty of care owed to such individual, the following elements must be shown: (1) an assumption by the local governmental entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the local governmental entity's agents that inaction could lead to harm;

---

> argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

In addition, "[t]his Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W.Va. 417, 485 S.E.2d 1 (1997). Further, our cases have held:

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment. *State v. Myers*, 229 W.Va. 238, 241, 728 S.E.2d 122, 130 (2012) (internal quotations and citations omitted).

*State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013). Accordingly, petitioner's objections to summary judgment on this ground are deemed waived.

(3) some form of direct contact between the local governmental entity's agents and the injured party; and (4) that party's justifiable reliance on the local governmental entity's affirmative undertaking.

Syl. Pt. 2, *Wolfe.*

The circuit court found that there were genuine issues of material fact regarding three of the elements of the special relationship test, but also found that petitioners could not establish that there was "some form of direct contact" between the petitioner and respondent. Although we decline to opine whether the other elements of the special relationship test were met by the facts of this case, we agree with the circuit court that petitioner could not establish that there was direct contact between the respondent and the decedent. Direct contact, "[a]s a general rule . . . contemplates actual contact between a government entity and an injured party." *Barbina v. Curry*, 221 W.Va. 41, 49, 650 S.E.2d 140, 148 (2007). Here, the record is devoid of any evidence of direct contact between respondent and petitioner, her husband, or the decedent. Further, there is no evidence in the record on appeal to support the contention that respondent or any of its agents ever contracted, promised, or by its actions, assumed, an affirmative duty to provide emergency medical services to the decedent. In fact, petitioner admitted on the record that neither she nor her husband, nor the decedent, spoke with anyone employed with respondent on the day of the subject incident. Accordingly, we find the circuit court did not err in finding that a special relationship did not exist between the decedent and respondent, and consequently, find that the circuit court did not err in granting respondent summary judgment to respondent in this case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis