# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-0322** (Webster County 13-F-65)

**Jason Flora,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Jason Flora, by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's February 21, 2014, order sentencing him to an aggregate sentence of two years and two-hundred days to thirty years and two-hundred days for two counts of felony burglary, in violation of West Virginia Code § 61-3-11, two counts of felony conspiracy to commit burglary, in violation of West Virginia Code § 61-10-31, and one count of misdemeanor petit larceny, in violation of West Virginia Code § 61-3-13(b). The State of West Virginia, by counsel Julie A. Warren, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying his motion for a change of venue and in failing to create an appropriate record of the same; (2) denying his motion to conduct individual *voir dire* of potential jurors; and (3) imposing an excessive sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, petitioner was indicted on two counts of burglary; two counts of conspiracy to commit burglary; and one count of petit larceny. Petitioner now claims that in November of 2013, at a pretrial hearing, he moved for a change of venue and that the circuit court denied the same.[1]

In December of 2013, the Circuit Court of Webster County held a two-day jury trial in this matter. During jury *voir dire*, petitioner asked all of the potential jurors if anyone knew David or Nova Bender, two of the alleged victims. It is clear from the record that David Bender was at all relevant times the elected sheriff in and for Webster County. Many of the potential

---

[1]As discussed elsewhere in this memorandum decision, petitioner did not include in the appendix record his motion for change of venue, an order denying that motion, or a transcript of any pretrial hearing.

jurors indicated in the affirmative. The circuit court then asked all of the potential jurors whether such knowledge of the victims created a bias or prejudice in their consideration of the case. All of the potential jurors answered in the negative. The potential jurors indicated that they would give the evidence no more or less weight or credibility due to that knowledge. The potential jurors were also asked whether any of them were friends of or related by blood or marriage to the Benders; whether any of them had been to the Benders' home; or whether any of them would fail to find petitioner not-guilty if the State did not prove every element of the alleged crimes beyond a reasonable doubt. All of the potential jurors answered these questions in the negative, although some of the jurors indicated that they knew where the Benders' home was located. In addition to these questions related specifically to the victims, the potential jurors also indicated that they would base their decision solely on the evidence presented and that they understood that petitioner was innocent until proven guilty beyond a reasonable doubt. The circuit court denied petitioner's motion to individually *voir dire* each juror who indicated knowledge of the Benders. During its case-in-chief, the State presented evidence that petitioner broke into and entered two separate homes with a different conspirator for each home and that he removed from one home a shotgun worth less than one-thousand dollars. The jury returned a verdict of guilty on all five counts in the indictment.

In February of 2014, the circuit court held a sentencing hearing. The circuit court denied petitioner's request for probation and sentenced him to one to fifteen years in prison for each count of burglary to run consecutive to one another; one to five years in prison for each count of conspiracy to run consecutive to one another but concurrent to the burglary counts; and two-hundred days in jail for one count of petit larceny to run consecutive to both the burglary and conspiracy counts. Therefore, petitioner's aggregate sentence was two years and two-hundred days to thirty years and two hundred days in prison. This appeal followed.

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). With regard to petitioner's jury challenge, this Court has held that the scope of *voir dire* is a matter "within the sound discretion of the trial court and not subject to review, except when the discretion is clearly abused." Syl. Pt. 2, in part, *State v. Beacraft*, 126 W.Va. 895, 30 S.E.2d 541 (1944).

On appeal, petitioner first assigns error to the circuit court's denial of his motion for a change of venue and in failing to create an appropriate record of that issue. However, in petitioner's limited discussion of this assignment of error, he fails to cite either the record on appeal or to any authority in support of his claims. Petitioner also admits that "[a]fter further review of the law governing a request for change of venue, the Petitioner asserts that the record is insufficient to support such a motion[,] and[,] therefore[,] the lower court did not, per se, err in regard to denying his request." While petitioner then argues that the circuit court failed to properly preserve an adequate record of this issue, it is unclear from petitioner's brief how the circuit court is alleged to have improperly preserved the record. Contrary to his assertion, petitioner acknowledges that the circuit court held a pretrial hearing at which it considered his motion for change of venue due to one of the victims being the elected sheriff of Webster

County. Petitioner also states in his brief to this Court that, at that pretrial hearing, the circuit court denied his motion because there was no evidence that a fair and impartial jury could not be seated in Webster County. Moreover, despite petitioner's assertions regarding this pretrial hearing, he failed to include a transcript of the same in the appendix record for our review on appeal.

We have often held that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (citations omitted). Further, we "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W.Va. 417, 485 S.E.2d 1 (1997). We also note that Rule 10(c)(7) of the Rules of Appellate Procedure clearly provides that a petitioner's brief to this Court

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Petitioner points us to no portion of the record in his discussion of this issue, and he fails to cite any authority in support of his claims. As such, and based upon our thorough review of the parties' arguments and the record on appeal, we decline to address this issue.

Next, petitioner argues that the circuit court erred in denying his motion for individual *voir dire* of those potential jurors who indicated that they knew the victims Nova and David Bender or knew where those victims resided.[2] We have explained that

> [t]he right to a trial by an impartial, objective jury in a criminal case is a fundamental right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, of the West Virginia Constitution. A meaningful and effective *voir dire* of the jury panel is necessary to effectuate that fundamental right.

---

[2]Petitioner states in his brief that potential jurors indicated that they had a "relationship(s)" with these two victims. However, the word "relationship" does not appear in the record on appeal. The limited references at issue herein refer to whether any of the potential jurors "know" these victims or "know" where they resided.

Syl. Pt. 4, *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981). As petitioner correctly points out, we have further explained that potential jurors who "indicate possible prejudice should be excused, or should be questioned individually . . . to precisely determine whether they entertain any bias or prejudice." *Id.* at 540, 280 S.E.2d 559, Syl. Pt. 3, in part (citing Syl. Pt. 3, in part, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978)). While petitioner now contends that the potential jurors in this matter indicated possible prejudice due to their knowledge of the victims, the record before us does not support such a conclusion. To the contrary, the entire jury panel indicated on several occasions during *voir dire* that they were not biased or prejudiced for or against the State or petitioner, even in light of any knowledge they possessed of the victims. During *voir dire*, petitioner acknowledged that this was "a small community," and it is clear from the record on appeal that one of the victims was the elected sheriff in that county. Many people in a small community may "know" of an elected official without possessing any prejudice for or against that individual. The potential jurors herein had previously indicated that none of them were related to or "close[,] personal friends" with the victims. Upon further questioning after indicating that they knew the victim, the potential jurors also responded that they could fairly consider the evidence and testimony presented; that none of them had been to the victims' home; and that they could all find petitioner not-guilty if the State failed to prove every element of the alleged crimes beyond a reasonable doubt.

Moreover, although petitioner argues that the facts of this case are "identical" to *Peacher*, the two cases are clearly distinguishable. In *Peacher*, this Court held that the "trial judge . . . committed reversible error when he absolutely refused to inquire into any potential relationship between members of the jury panel and law enforcement agencies or personnel." 167 W.Va. at 553-54, 280 S.E.2d at 570. In this case, the circuit court clearly permitted additional questioning of these potential jurors, who under such questioning indicated that they maintained no bias or prejudice. Given the specific circumstances of this case, petitioner has failed to show a violation of his constitutional right to an impartial jury, and we cannot find that the circuit court abused its discretion in directing the scope of *voir* dire.

Petitioner's third and final assignment of error is that his sentence is constitutionally excessive. While petitioner argues that his prison term is disproportionate to his part in the underlying criminal acts and is, therefore, constitutionally excessive, we find that petitioner's sentence is not appropriate for appellate review. The circuit court sentenced petitioner within the statutory guidelines for those offenses of which he was convicted, as noted above. Further, petitioner does not assert that the circuit court based its sentencing on any impermissible factor. Instead, petitioner argues "[h]e has always maintained that he did not participate in the alleged crimes and had no knowledge of the same." The record clearly supports that petitioner was duly convicted of these crimes and that his subsequent sentences were not outside of the statutory guidelines nor based on any impermissible factor. Furthermore, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life-recidivist sentence." *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 531, 276 S.E.2d 205, 211 (1981). Therefore, for those reasons, we decline petitioner's invitation to apply proportionality principles herein.

For the foregoing reasons, the circuit court's February 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II