# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

### January 2013 Term

_____

No. 11-1357

_____

**FILED**

**April 11, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### STATE OF WEST VIRGINIA,
### Respondent

### V.

### LARRY A. H.,
### Petitioner

_____

### Appeal from the Circuit Court of Mercer County
### Honorable Derek C. Swope, Judge
### Criminal Action No. 03-F-277

### AFFIRMED

_____

### Submitted: March 27, 2013
### Filed: April 11, 2013

**Duane C. Rosenlieb, Jr.**
**Richard H. Lorensen**
**Public Defender Services**
**Charleston, West Virginia**
**Attorneys for Petitioner**

**Patrick Morrissey**
**Attorney General**
**Laura Young**
**Assistant Attorney General**
**Charleston, West Virginia**
**Attorneys for Respondent**

**The Opinion of the Court was delivered PER CURIAM.**

**SYLLABUS BY THE COURT**

1.      "An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment."  Syllabus point 2, in part, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995).

2.      "A variance in the pleading and the proof with regard to the time of the commission of a crime does not constitute prejudicial error where time is not of the essence of the crime charged."  Syllabus point 4, *State v. Chaffin*, 156 W. Va. 264, 192 S.E.2d 728 (1972).

3.      "The traditional appellate standard for determining prejudice for discovery violations under Rule 16 of the West Virginia Rules of Criminal Procedure involves a two-pronged analysis: (1) did the non-disclosure surprise the defendant on a material fact, and (2) did it hamper the preparation and presentation of the defendant's case."  Syllabus point 2, *State ex rel. Rusen v. Hill*, 193 W. Va. 133, 454 S.E.2d 427 (1994).

**Per Curiam:**

This is an appeal by Larry A. H. ("Mr. H.")[1] from an order of the Circuit Court of Mercer County resentencing him[2] after his convictions for felony and misdemeanor sexual offenses.[3] Mr. H. contends the trial court committed error by (1) allowing the indictment to be amended; (2) allowing the State to call a witness that was not named on the witness list; and (3) allowing the State to recall a witness. After a careful review of the briefs, the record submitted on appeal, and listening to the arguments of the parties, we affirm.[4]

---

[1]We follow our general practice of using initials only in cases involving sensitive facts. *See State v. Lowery*, 222 W.Va. 284, 286 n.1, 664 S.E.2d 169, 171 n.1 (2008) ("Due to the sensitive nature of the facts involved in this case, we will adhere to our usual practice in such matters and refer to initials only.").

[2]Mr. H. was resentenced for appeal purposes.

[3]Mr. H. was convicted of (1) twelve counts of sexual assault in the third degree and given a suspended sentence of one to five years for each offense; (2) one count of sexual abuse by a custodian and sentenced to ten to twenty years imprisonment; (3) two counts of incest with a sentence of five to fifteen years imprisonment for each conviction, but with one sentence suspended; and (4) two misdemeanor counts of sexual abuse in the second degree, with a sentence of twelve months incarceration for each offense. The trial court ordered the active incest and sexual abuse by a custodian sentences to run consecutively; but the misdemeanor sentences were ordered to run concurrently with the active felony sentences. In sum, Mr. H. was ordered to serve an aggregate sentence of fifteen to thirty-five years imprisonment.

[4]While this case was pending, Attorney General Patrick Morrissey was sworn in and replaced former Attorney General Darrell V. McGraw, Jr. *See* W. Va. R. App. P. 41(c) ("When a public officer is a party to an appeal or other proceeding in the Supreme Court in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and his successor is automatically substituted as a party.").

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2003, a Mercer County grand jury indicted Mr. H.[5] on thirty counts of sexual assault offenses.[6] The victim of the offenses was Mr. H.'s daughter. The offenses covered a period from 2001 to 2003. The case went to trial on August 31, 2004.

During the trial, the State called four witnesses: Dr. William Elliott, Dr. Charles B. Yeargan, play therapist Phyllis Hasty, and the victim. Dr. Elliott was a physician who examined the victim on April 15, 2003, at the request of the Department of Health and Human Resources ("DHHR"). Dr. Elliot testified that, although the victim did not have any physical signs of sexual assault, the victim did tell him that Mr. H. placed his penis on her breasts and touched her genital area. Dr. Yeargan, a psychologist, evaluated the victim pursuant to a court order. Dr. Yeargan described the victim as "an eight-year-old child intellectually in the body of an adult."[7] Ms. Hasty testified that the victim informed her that Mr. H. sexually assaulted her on many occasions. Ms. Hasty stated that because the victim

---

[5]The indictment also named a co-defendant. The record does not disclose the resolution of the charges against the co-defendant.

[6]The appendix is extremely limited in recounting the factual development of this case.

[7]The victim was twenty years old at the time of the trial.

2

was moderately mentally impaired,[8] and behaved like a child of five to six years of age, she did not have the ability to say no to Mr. H. The victim testified that when she was sixteen years old, Mr. H. began sexually assaulting her. The victim testified in graphic details that Mr. H. engaged in oral, anal and vaginal sex with her on a frequent basis.[9]

Mr. H. did not testify at the trial. However, he did call three witnesses during his case-in-chief. The first witness called by Mr. H. was Cynthia Snuffer, a DHHR Child Protective Services worker. Ms. Snuffer was called primarily to give testimony which indicated that, when she conducted an in-home interview of the victim, the victim stated forty-three times that Mr. H. did not sexually assault her. The next two witnesses called by Mr. H. were two of the victim's younger siblings. Neither sibling was asked whether they ever saw Mr. H. engage in improper conduct with the victim. However, one sibling was asked if Mr. H. ever touched the sibling's breast, as alleged by the victim, but the sibling denied being touched on her breast by Mr. H.

At the close of Mr. H.'s case-in-chief, the trial court instructed the jury on the law and provided the jury with a verdict form that contained only seventeen of the thirty

---

[8]Ms. Hasty testified that the victim had two different IQ tests performed. One test gave her a full scale IQ of 46, while the other IQ result was 53.

[9]Because the victim was mentally challenged, she was not able to testify to exact dates.

3

counts in the indictment.[10]  On September 1, 2004, the jury returned a verdict finding Mr. H.

guilty of all seventeen counts listed on the verdict form.  For reasons that are not disclosed

in the appendix record, an appeal was not filed until after Mr. H. was resentenced in August

2011.

## II.

## DISCUSSION[11]

On appeal to this Court, Mr. H. argues that the trial court erred by (1) allowing

the indictment to be amended; (2) allowing the State to call a witness that was not named on

the witness list; and (3) allowing the state to recall a witness.  We will consider each of these

assigned errors in turn.

### A.  Amending the Indictment

The first issue raised by Mr. H. is that the trial court committed reversible error

in allowing the indictment to be amended.[12]  We have recognized that a trial court's decision

---

[10]The remaining counts were dismissed by the court.

[11]Ordinarily we would set out a general standard of review.  However, the issues presented by Mr. H. require the application of issue-specific review standards.  Thus, the proper standard for our review of each issue will be set out in our discussion thereof.

[12]Mr. H. mentions that it was during the trial that the court, *sua sponte*, raised the issue of amending the indictment.  However, Mr. H. has not briefed, as an assignment of error, the issue of the court raising the matter *sua sponte*.  *See Covington v. Smith*, 213 W. Va. 309, 317 n.8, 582 S.E.2d 756, 764 n.8 (2003) (stating that casual mention of an issue
(continued...)

to allow an amendment to an indictment is reviewed for an abuse of discretion. *State v. Adams*, 193 W. Va. 277, 283, 456 S.E.2d 4, 10 (1995). *See also Blane v. Commonwealth*, 364 S.W.3d 140, 150 (Ky. 2012) ("[W]e review the trial court's decision to permit amendment of the indictment for abuse of discretion."); *State v. Profit*, 591 N.W.2d 451, 466 (Minn. 1999) ("We review amendments at trial of an indictment for an abuse of discretion[.]"); *State v. Beach*, 772 N.E.2d 677, 682 (Ohio Ct. App. 2002) ("We review a trial court's decision to permit the amendment of an indictment under an abuse-of-discretion standard."). To constitute reversible error, Mr. H. must show not only that the trial court abused its discretion, but also that the amendment prejudiced his defense. *See Adams*, 193 W. Va. at 283, 456 S.E.2d at 10 ("Unless a defendant can demonstrate prejudice, a circuit court may amend an indictment in a manner that does not strike any substantive portion of the charging paragraph and does not change the offense charged.").

The amendment to the indictment in this case involved replacing the indictment's use of the phrase "on or about" with the word "between." This occurred when the court held a hearing on jury instructions. During the hearing, Mr. H. contended that the phrase "on or about" should be interpreted as meaning each offense occurred on specific dates set out in the indictment. For example, count two of the indictment charged that sexual

---

[12](...continued)
in a brief is insufficient to preserve the issue on appeal).

assault occurred "on or about" February 24, 2001, and February 23, 2002. Mr. H.'s position

was that the State had to prove that the offense occurred on both of those two dates. The

State argued that the phrase should be interpreted as meaning that one offense occurred

"between" the two dates listed. The trial court agreed with the State and found that the use

of the word "between" more accurately reflected the evidence.[13] Consequently, the court

granted the State's motion to amend the indictment to replace the phrase "on or about" with

the word "between." Mr. H. now states that he was prejudiced by this amendment. We

disagree.

Syllabus point 2, in part, of *Adams*, held that:

An indictment may be amended by the circuit court,
provided the amendment is not substantial, is sufficiently

---

[13]The court also stated that the phrase "on or about" was "just a typo. It makes no sense any other way[.]" *See State v. Haden*, 213 W.Va. 285, 288, 582 S.E.2d 732, 735 (2003) ("We also agree with the determination made in the trial court's order denying the motion for a new trial, wherein the court found that 'the change of date on the Indictment was merely to correct a typographical error[.]'"). The circuit court correctly reasoned that it made "no sense" to interpret the indictment in the manner argued by Mr. H., because to do so would mean the grand jury impermissibly set out two offenses in each of the thirty counts in the indictment. *See* W. Va. R. Crim. P., 8(a)(2) ("If two or more offenses are known . . . to the attorney for the state . . . and were committed within the same county having jurisdiction and venue of the offenses, all such offenses . . . shall be prosecuted by separate counts[.]"); *State v. Clements*, 175 W. Va. 463, 470, 334 S.E.2d 600, 608 (1985) ("All offenses based on the same act or acts constituting part of a common scheme or plan must be charged in the same indictment . . . in a separate count for each offense[.]"); Syl. pt. 1, *State ex rel. Watson v. Ferguson*, 166 W. Va. 337, 274 S.E.2d 440 (1980), as stated in State v. Johnson, 197 W. Va. 575, 476 S.E.2d 522 (1996). *Superseded by rule* ("A defendant shall be charged in the same indictment, in a separate count for each offense[.]").

definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

193 W. Va. 277, 456 S.E.2d 4. The amendment in this case was not "substantial." It merely clarified the time period in which the offenses occurred. *See* W. Va. Code § 62-2-10 (1923) (2010 Repl. Vol.) ("No indictment . . . shall be . . . deemed invalid for . . . stating imperfectly[] the time at which the offense was committed, when time is not of the essence of the offense"). We have made clear that "[a] variance in the pleading and the proof with regard to the time of the commission of a crime does not constitute prejudicial error where time is not of the essence of the crime charged." Syl. pt. 4, *State v. Chaffin*, 156 W. Va. 264, 192 S.E.2d 728 (1972). Specifically, we have explained that "[b]ecause time is not an element of the crime of sexual assault, the alleged variances concerning when the assaults occurred [do] not alter the substance of the charges against the defendant." *State v. Miller*, 195 W. Va. 656, 663, 466 S.E.2d 507, 514 (1995).

Although Mr. H. has set out in his brief that he was prejudiced by the amendment, he has failed to articulate how he was prejudiced. The circuit court's amendment did not involve an element of an offense charged. The amendment involved a mere clarification of when the sexual assault offenses occurred. *See State v. St. Pierre*, 693 A.2d 1137, 1141 (Me. 1997) ("Time is not an element of unlawful sexual contact; thus, the State was under no obligation to prove that the sexual contact occurred on the specific dates

7

listed in the indictment."); *Jordan v. State*, 80 So. 3d 817, 827 (Miss. Ct. App. 2010) ("Time is not an essential element of the crimes of sexual battery, gratification of lust, and child abuse. Therefore, the amendment was one of form; thus, it was allowable."); *State v. Brim*, 789 N.W.2d 80, 84 (S.D. 2010) ("Although an indictment should be as specific as possible, time is not a material element of crimes involving sexual abuse of minors. Therefore, the fact [that] a crime was committed on a date different from the one alleged in the indictment is not fatal to the charge."). Most importantly, Mr. H.'s defense was simply that he did not commit the crimes. This defense could have been presented regardless of what dates were alleged in the indictment. *See Jackson v. Commonwealth*, No. 2011-000008-MR, 2012 WL 3637159, at *3 (Ky. Aug. 23, 2012) ("[W]hen a defendant testifies that sexual abuse never occurred, no prejudice accrues to the defendant when an indictment is amended to change the time of the offense without charging additional offenses[.]"); *State v. Riffe*, 661 S.E.2d 899, 905 (N.C. Ct. App. 2008) ("In cases in which time is not an essential element of the crime and an alibi defense has not been presented, it has been held that an amendment as to the date of the offense is not material."). Therefore, we find that Mr. H. was not prejudiced by the amendment to the indictment.

### B. Calling a Witness That Was Not Named on the Witness List

Mr. H. next asserts that he filed a discovery request with the State seeking the names of all witnesses the State intended to call during the trial. The State responded to the

8

request by listing its intended witnesses.[14]  However, the State did not list Dr. Yeargan as a witness.  Even so, at the start of the trial, the State indicated that it would call Dr. Yeargan as a witness.  Mr. H. objected, but the trial court allowed the State to call Dr. Yeargan as a witness.  Here, Mr. H. contends the trial court committed error in allowing Dr. Yeargan to testify.

This Court has held that "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion."  Syl. pt. 10, *State v. Huffman*, 141 W. Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W. Va. 435, 452 S.E.2d 893 (1994).  With respect to a violation of a defendant's right to discovery, this Court stated in Syllabus point 2 of *State ex rel. Rusen v. Hill*, 193 W. Va. 133, 454 S.E.2d 427 (1994):

> The traditional appellate standard for determining prejudice for discovery violations under Rule 16 of the West Virginia Rules of Criminal Procedure involves a two-pronged analysis: (1) did the non-disclosure surprise the defendant on a material fact, and (2) did it hamper the preparation and presentation of the defendant's case."

*Accord* Syl. pt. 2, *State v. Smith*, 220 W. Va. 565, 648 S.E.2d 71 (2007).

---

[14]Rule 16 of West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[u]pon request of the defendant, the state shall furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the state intends to call in the presentation of the case in chief . . . ."  W. Va. R. Crim. P. 16(a)(1)(F).

In rendering its decision to allow the State to call Dr. Yeargan, the trial court ruled:

> THE COURT: Well here is what we're going to do. I'll just rule on it and we'll move on. I'm going to let him testify, and I'm going to let you talk to him before he gets up here. All right. And you can take whatever time you need to do, all right, to do that. And if you want to — if you want to have him testify on direct and then recess and consider your cross examination over the evening, I'll let you do that and you can bring him back and cross-examine him tomorrow. All right.

The State argues that Mr. H. was not surprised nor prejudiced by the late disclosure because he was aware that Dr. Yeargan had examined the victim for the court. Further, Dr. Yeargan's trial testimony was consistent with his report and the testimony he provided during a pretrial hearing.

Insofar as Dr. Yeargan was brought into this case to perform a psychological examination of the victim we do not find that Mr. H. was unduly surprised by the State's late decision to include him as a witness. Obviously, the fact that Dr. Yeargan examined the victim for purposes of the trial made it readily apparent that he might be called as a witness. More importantly, we find that Mr. H. has failed to show any prejudice from the untimely disclosure. The trial court clearly gave Mr. H. adequate time to interview Dr. Yeargan before he testified and to prepare for cross-examination. *See State v. Trail*, 174 W. Va. 656, 659-60, 328 S.E.2d 671, 675 (1985) ("[T]he trial court alleviated any possibility of harm to the appellant's preparation of his defense by allowing defense counsel additional time to

10

interview the new witnesses."). The substance of Dr. Yeargan's testimony was made known to Mr. H. through a pretrial report and his pretrial testimony. *See State v. James B., Sr.*, 204 W. Va. 48, 57, 511 S.E.2d 459, 468 (1998) ("[T]he Appellant was aware all along of the substance of the victim's statements. Further, considering that the [victim's] testimony was consistent with the prior statements given, we do not find that the addition of this witness hampered the preparation and presentation of the defense."). Morever, Dr. Yeargan's trial testimony did not address the issue that was central to Mr. H.'s objections to his testimony. Mr. H. had expected Dr. Yeargan to specifically testify about the victim's IQ test results, which tests Dr. Yeargan did not administer. However, Dr. Yeargan did not provide testimony of a specific IQ score for the victim.[15]

In sum, "the record fails to demonstrate that defense counsel's preparation or presentation was damaged by the late disclosure." *State v. Ward*, 168 W. Va. 385, 390, 284 S.E.2d 881, 885 (1981). *See also* Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, at 1-748 (2d ed. 1993) ("[T]he late disclosure of witnesses is not reversible error unless it hampers preparation of opponent's case."). Our determination that the record in this case does not show an abuse of discretion in allowing Dr. Yeargan to testify is supported by the Court's recent decision in *State v. Wilson*, 226 W. Va. 529, 703 S.E.2d

---

[15]As a consequence of Dr. Yeargan's limited testimony, Mr. H. decided not to cross examine him.

301 (2010).

The defendant in *Wilson* was convicted of conspiracy to deliver controlled substances and sentenced to prison.[16] One of the issues raised on appeal was whether the trial court committed error in allowing the State to call two witnesses who were not disclosed prior to the discovery cut-off date.[17] One witness was a confidential informant, and the other was a co-defendant. This Court found that the defendant was not prejudiced by the late disclosure of the names of the two witnesses. First, the opinion noted that the defendant had known the confidential informant for several years and that, at the time of the prosecution, he was made aware of the confidential informant's role in the case. Second, the opinion found that the defendant "obviously knew the identity of the codefendant and that it was likely he would be a witness for the State if he chose to enter a guilty plea." *Wilson*, 226 W.Va. at 534, 703 S.E.2d at 306. *See also State v. Weaver*, 181 W. Va. 274, 382 S.E.2d 327 (1989) (finding no prejudice in late disclosure of two wtinesses); *State v. Zaccagnini*, 172 W. Va. 491, 308 S.E.2d 131 (1983) (finding no prejudice in late disclosure of informant as witness because defendant knew informant for approximately two years prior to the date of his arrest).

---

[16]The defendant also was convicted as a recidivist. That part of the sentence was reversed.

[17]The two witnesses were disclosed two days before the trial.

*Wilson* is instructive on a critical issue in the instant case. In *Wilson* we found the defendant's pretrial knowledge of the untimely disclosed witnesses, and their connection with the case, put the defendant on notice that the witnesses could be called by the State. The instant case is grounded in the same type of facts. Mr. H. knew Dr. Yeargan's identity prior to trial and understood his connection with the case. Of course, we do not suggest that in every case when a defendant is aware of the identity of a person, and that person's connection with the case, the State may be allowed to name the person as a witness at a post-discovery late date. However, this factor carries considerable weight when a defendant is not prejudiced in the preparation of his or her case.

### C. Allowing the State to Recall a Witness

Finally, Mr. H.'s brief sets out, as a single assignment of error, his objections to Dr. Yeargan being called as a witness and Ms. Hasty being recalled as a witness. As a result of mixing these two distinct issues, Mr. H. has not sufficiently briefed an assignment of error regarding Ms. Hasty being recalled as a witness. The best that we are able to discern from the brief, regarding recalling Ms. Hasty, is that she should not have been allowed to give specific IQ results for the victim. Other than generally asserting this issue, Mr. H. has not briefed the issue with any supporting authorities or legal analysis.[18]  *See State v.*

---

[18]We wish to make abundantly clear that Mr. H. has not asserted nor briefed this issue as a Confrontation Clause violation under *Crawford v. Washington*, 541 U.S. 36,
(continued...)

*Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (defendant failed to argue or adequately brief the issues in the appeal); *State v. Gilman*, 226 W. Va. 453, 460 n.11, 702 S.E.2d 276, 283 n.11 (2010) (same); *State v. Harris*, 226 W. Va. 471, 476, 702 S.E.2d 603, 608 (2010) (same); *State v. Day*, 225 W. Va. 794, 806 n.21, 696 S.E.2d 310, 322 n.21 (2010) (same).

The decisions of this Court are quite clear. "Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*,

---

[18](...continued)
124 S.Ct. 1354, 158 L. Ed. 2d 177 (2004), *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006), and their progeny. This Court held in Syllabus point 6 of *Mechling* that:

> Pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Confrontation Clause contained within the Sixth Amendment to the United States Constitution and Section 14 of Article III of the West Virginia Constitution bars the admission of a testimonial statement by a witness who does not appear at trial, unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the witness.

219 W. Va. 366, 633 S.E.2d 311.

Moreover, insofar as Mr. H.'s case was not in litigation or appeal at the time of *Mechling*, he could not avail himself of that decision. *See* Syl. pt. 11, *State v. Kennedy*, 229 W. Va. 756, 735 S.E.2d 905 (2012) ("*State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006) stated a new rule of criminal procedure that is non-retroactive and is to be given prospective application only."). As we previously noted, the briefs do not explain why it took over seven years for Mr. H.'s appeal to be presented.

14

196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord State v. Adkins*, 209 W. Va. 212, 216 n.5, 544 S.E.2d 914, 918 n.5 (2001); *State v. Easton*, 203 W. Va. 631, 642 n.19, 510 S.E.2d 465, 476 n.19 (1998); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995). We have explained that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Surber*, 228 W. Va. 621, 723 S.E.2d 851, 863 (2012) (internal quotation marks and citations omitted). Our cases have held:

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*State v. Myers*, 229 W. Va. 238, ___, 728 S.E.2d 122, 130 (2012) (internal quotations and citations omitted).

As a result of Mr. H.'s failure to adequately brief any issue involved with Ms. Hasty being recalled as a witness, we will not consider the matter.[19]

---

[19]Even if Mr. H. had adequately briefed the issue, we would not have addressed the matter absent a finding of plain error. A review of the record in this case shows that Mr. H. did not object, at the trial, to Ms. Hasty giving testimony regarding the victim's specific IQ tests results. Thus, this issue was not properly preserved as an assignment of error. "This Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997). The raise or waive rule has been explained as part of a design "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on
(continued...)

**III.**

**CONCLUSION**

In this appeal, we have determined that the trial court did not abuse its discretion in allowing the indictment to be amended or in allowing the State to call a witness that was not named on its witness list. We further find that Mr. H. failed to preserve and adequately brief the issue of the State recalling a witness during the State's case-in-chief. Therefore, we affirm the order sentencing Mr. H. on his convictions for felony and misdemeanor sexual offenses.

Affirmed.

---

[19](...continued)
the objection and thereby correct potential error." *State v. Guthrie*, 205 W. Va. 326, 344, 518 S.E.2d 83, 101 (1999) (internal quotations and citation omitted). Further, we have noted that the raise or waive rule seeks to "prevent[ ] a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result)." *State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996).