# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **M.W.,**

**No. 15-0639** (Nicholas County 14-JA-31)

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother S.A., by counsel J. Paul Williams, appeals the Circuit Court of Nicholas County's June 1, 2015, order terminating her parental rights to five-year-old M.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Julia R. Callaghan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she claims to have successfully completed the terms and conditions of her dispositional improvement period and no further threat of harm to the child remained.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging substance abuse and a prior termination of her parental rights to a previous child in 2002 due to severe unexplained injuries to that child, including fractured ribs and a spiral fracture to the child's arm inflicted at a different time. Apparently because this petition was considered "non-emergency," the child remained in petitioner's custody at that time. That same month, the circuit court held an adjudicatory hearing. Petitioner stipulated to substance abuse affecting her parenting and to the prior termination of her parental rights in 2002. The circuit court adjudicated petitioner as a abusing parent based on those grounds. However, because the then four-year-old child had never lived apart from petitioner, the circuit court permitted the child to remain in petitioner's custody.

In May of 2014, the circuit court held a dispositional hearing. The circuit court heard testimony from a Child Protective Services ("CPS") worker that petitioner failed two drug

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

screens, one for benzodiazepines and the other for benzodiazepines and Subutex. The CPS worker testified that petitioner failed to acknowledge that her former husband inflicted the injuries on her older child in 2002 and that her current boyfriend was another harmful individual to whom the child should not be exposed. Petitioner's boyfriend refused to participate with petitioner in parenting services. Based on this evidence and the recommendation of the guardian to remove the child, the circuit court removed the child from petitioner's custody, ordered visitation, and rescheduled the dispositional hearing.

In June of 2014, the circuit court held a second dispositional hearing. At that hearing, petitioner admitted that her former husband likely injured her older child in 2002 and that she was in a drug addiction rehabilitation program. At the conclusion of the hearing, the circuit court granted petitioner a ninety-day dispositional improvement period. In review hearings in September and December of 2014, the circuit court extended petitioner's improvement periods due to her progress in the drug addiction rehabilitation program and in seeking employment and housing. It was reported that petitioner remained in a relationship with her boyfriend for much of this time, with the exception of a short time when she claimed that they had separated.

In January of 2015, the DHHR received a referral from a counselor for the child. According to the counselor, the child disclosed sexual abuse by petitioner's boyfriend, who was present during petitioner's visits with the child. Based on this disclosure, petitioner's visits with the child ceased temporarily. Several months later, in March of 2015, the circuit court held a final review hearing on petitioner's improvement period. Due to the timeframe for abuse and neglect proceedings and the child's disclosures, the circuit court set the matter for disposition.

In April of 2015, the circuit court held a final dispositional hearing. Following testimony from the CPS worker, petitioner's psychologist, petitioner, and her boyfriend, the circuit court found that, while she had resolved the issue with her drug addiction, she failed to properly respond to the child's disclosure that her boyfriend sexually abused him. The circuit court explained that instead of seeking to protect her child from further abuse, she called the accusation "bull****," wanted to expose the child to her boyfriend during a visit "to see how the child would react," and continued in her relationship with her boyfriend. Further, the circuit court noted that the psychologist testified that petitioner's prognosis for protecting her child was poor. Based on those findings, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the child's welfare required termination. The circuit court terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner assigns error to the circuit court's termination of her parental rights when she claims to have successfully completed the terms and conditions of her dispositional improvement period and no further threat of harm to the child remained.[2] We have explained that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

While petitioner is correct that she resolved her substance abuse issues, as reflected in the circuit court's final order, evidence supports the circuit court's additional finding that she continued to

---

[2]We note that petitioner provides scant legal authority in her brief to this Court consisting primarily of citations for the correct standard of review in these proceedings. *See* Rule 10(c)(7) of the Rules of Appellate Procedure clearly provides that a petitioner's brief to this Court

must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*See also State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (stating that "[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.").

fail to protect this child from harm. It is clear from the record on appeal that the circuit court found, at the time of adjudication, that petitioner had a prior termination after an older child suffered severe unexplained injuries in 2002. More than a decade later, petitioner acknowledged that those injuries came at the hands of her former husband. Thereafter, when the child at issue herein disclosed sexual abuse by petitioner's boyfriend, with whom she continued to have a relationship, petitioner denied those allegations and attempted to make the child visit with him. Given the evidence of petitioner's failure to acknowledge dangers and protect her child, coupled with the psychologist's prognosis that she was unlikely to have the ability to do so in the future, we find no reversible error in the circuit court's termination.

West Virginia Code § 49-6-5(a)(6) requires circuit courts to terminate the parental rights of a respondent parent "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child[.]" In this case, the circuit court made those findings, and, therefore, termination of petitioner's parental rights was not erroneous.

For the foregoing reasons, we find no error in the circuit court's June 1, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

4