# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.S.-1 & K.S.-2**

**No. 15-0572** (Jefferson County 14-JA-5 & 14-JA-62)

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother J.M, by counsel Anne B. Prentice, appeals the Circuit Court of Jefferson County's May 20, 2015, order terminating her parental rights to three-year-old K.S.-1 and eleven-month-old K.S.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ruth A. McQuade, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Because the children share the same initials, we have distinguished them using numbers 1 and 2. The Jefferson County case numbers also serve to distinguish them.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

We further note that petitioner initially lists four assignments of error in her brief to this Court related to the circuit court's termination of her parental rights: (1) the DHHR failed to provide sufficient services to petitioner or to identify her needs in a timely manner; (2) the DHHR failed to file a timely family case plan; (3) the evidence did not support a finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future; and (4) the circuit court failed to make findings that reunification was not in the children's best interests and that the DHHR made reasonable efforts to preserve the family unit. However, petitioner provides a single discussion of all four issues in the body of that brief. To better address those issues, we reorganize petitioner's assignments of error into two categories: (1) the DHHR's alleged failures, and (2) the circuit court's allegedly erroneous or omitted findings.

1

In February of 2014, the DHHR filed an abuse and neglect petition as to K.S.-1 alleging that petitioner and the children's biological father had a history of domestic violence, which included a violent incident on February 11, 2014, that required police intervention.[3] The DHHR further alleged that petitioner had twice been taken to "safe" houses to escape the violent relationship only to leave and return to the children's father. The DHHR filed two subsequent amendments to its abuse and neglect petition citing two subsequent episodes of domestic violence between petitioner and the children's father.

In April and May of 2014, the circuit court held two adjudicatory hearings in this matter. On May 8, 2014, petitioner stipulated to exposing K.S.-1 to domestic violence, as alleged in the petition, and, based on that stipulation, the circuit court adjudicated her as an abusing parent.

In June of 2014, petitioner signed a statement of the terms and conditions of her post-adjudicatory improvement period and acknowledged her understanding thereof. Those terms and conditions included ceasing all contact with the children's father and remaining drug and alcohol free. At a subsequent review hearing, petitioner was reportedly making progress, but only slowly.

Thereafter, between December of 2014 and February of 2015, the DHHR filed a family case plan in preparation for a dispositional hearing set for January of 2015.[4] The DHHR also filed an amended petition in that time period due to the birth of K.S.-2. In approximately February of 2015, the circuit court granted petitioner a dispositional improvement period. In addition to the previous requirements of her initial improvement period, petitioner was required to undergo a psychological evaluation.

In April of 2015, the DHHR moved to revoke petitioner's dispositional improvement period due to an incident of domestic violence in March of 2015 between her and the children's father. The circuit court granted the DHHR's motion and set the matter for disposition. The DHHR subsequently filed another family case plan in preparation for the final dispositional hearing.

At the final dispositional hearing in late April of 2015, law enforcement officers testified to the history of domestic violence between petitioner and the children's father, including the episode in March of 2015. According to Officer Ronald Kerns of the Charles Town Police Department, he responded to a call in March of 2015 about a domestic disturbance later determined to be a domestic incident involving petitioner and the children's father. While on route to respond, he was advised that those involved in the incident had left the scene, and he was given a description of a vehicle. Based on that description, Officer Kerns made a traffic stop and located petitioner intoxicated in the vehicle with a friend driving. Petitioner testified that after ten months on an improvement period she continued to have contact with the children's father. She further admitted that she relapsed into an abuse of alcohol, failed outpatient substance

---

[3]K.S.-2 was not yet born in February of 2014.

[4]The appendix record presented to this Court does not provide the exact dates of these events.

abuse therapy, refused to attend inpatient therapy, and had not arranged her psychological evaluation. Importantly, petitioner told the circuit court that she knew that her continued contact with the children's father was a violation of her improvement period, and she categorized that term of her improvement period as "the most important one[.]" By order entered on May 20, 2015, the circuit court terminated petitioner's parental rights to these children. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because the DHHR failed to file a timely family case plan, failed to provide proper services, and failed to identify her needs in a timely manner. With regard to family case plans, this Court has stated that

> "[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) (1984), is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

3

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

While petitioner is correct that West Virginia Code §§ 49-6D-2(b) and 3(a) require that a family case plan be filed within thirty days of an improvement period's inception, the Court does not find reversible error on that issue under the specific limited circumstances of this case. The record on appeal in this case is clear that petitioner signed a written statement of terms and conditions for her initial improvement period at the time of its inception in June of 2014 and that the DHHR filed a family case plan in December of 2014 at the inception of her second improvement period and another family case plan in April of 2015 prior to disposition. Moreover, petitioner testified in April of 2015 that she understood that continued contact with the children's father was a violation of the "most important" term of her improvement periods. Petitioner now claims that the failure to file a family case plan in June of 2014 was reversible error and that the circuit court should have rejected the subsequent family case plans under the Rules of Procedure for Child Abuse and Neglect Proceedings. Due to petitioner's signed statement in June of 2014, the subsequent family case plans filed, and petitioner's testimony in April of 2015, we cannot find that the child abuse and neglect Rules or statutory framework have been substantially disregarded or frustrated such that reversal is required. Therefore, for the foregoing reasons, we find no reversible error in this regard.

As to petitioner's assertion that the DHHR failed to provide her with proper services and failed to identify and address her needs in a timely manner, she points to no specific service or need at issue. The record clearly demonstrates, and petitioner does not dispute, that she received two improvement periods over the course of approximately nine months. As acknowledged in her testimony at the final dispositional hearing, petitioner's failures during the course of those improvement periods were not the result of the DHHR's actions, or lack thereof, but were the result of her continued contact with an abusive individual resulting in several episodes of domestic violence during these proceedings and her relapse into alcohol abuse. The record before us does not support petitioner's contention that her termination of parental rights should be reversed due to alleged failures by the DHHR.

Petitioner next alleges that the circuit court erroneously terminated her parental rights by failing to make proper findings of fact based on the evidence presented. Petitioner claims that the record does not support a finding by clear and convincing evidence that there was no reasonable likelihood that she could substantially correct conditions of abuse and neglect in the near future. In its final order, the circuit court found that due to her lack of candor throughout the proceedings and to her continued issues with domestic violence, "the problem has not resolved and likely will not be resolved in the foreseeable future[.]" Following a thorough review of this contention, we find no error in the circuit court's finding. The initial petition was filed in February of 2014 based on allegations of domestic violence, and petitioner stipulated to such conduct constituting abuse and neglect. Thereafter, during the course of the underlying proceedings, petitioner continued to contact the children's father despite her knowledge that to do so placed her future with her children in peril, and, on several occasions, she engaged in episodes of domestic violence with him. The last such episode occurred in March of 2015 when petitioner was intoxicated and picked up by police. Given petitioner's conduct in the many months of these proceedings, the circuit court did not abuse its discretion in finding that there

was no reasonable likelihood that she could substantially correct conditions of abuse and neglect in the near future.

Petitioner further claims that the circuit court failed to make proper findings of fact regarding "why reunification is not in the best interest of the children, and whether or not the department made reasonable efforts to preserve the family." However, we note that petitioner presents these contentions on appeal in three sentences without any citation to legal authority or the record on appeal in support thereof. *See* W.Va. R. App. P. 10(c)(7) (requiring that briefs contain an argument exhibiting clearly the points of fact and law presented and "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."); *State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (stating that "[a]n appellant must carry the burden of showing error in the judgment of which he complains. . . . Error will not be presumed, all presumptions being in favor of the correctness of the judgment."); *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal."); *State Dep't of Health & Human Res., Child Advocate Office v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (stating that "a skeletal 'argument,' really nothing more than an assertion, does not preserve a claim" (internal quotations and citations omitted)). As such, we decline to address the circuit court's findings on these issues.

For the foregoing reasons, we find no error in the circuit court's May 20, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5