# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **M.F.**

**No. 25-177** (Putnam County CC-40-2024-JA-72)

## MEMORANDUM DECISION

Petitioner Father S.F.[1] appeals the Circuit Court of Putnam County's February 6, 2025, order terminating his parental, custodial, and guardianship rights to M.F.,[2] arguing that such termination was erroneous. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On August 1, 2024, the DHS filed a petition alleging that the petitioner was the then-seven-month-old child's putative father[3] and that he abused and neglected the child by exposing him to domestic violence with the mother; abusing drugs to the extent that his parenting skills and abilities were seriously impaired; and failing to provide the child with necessary food, clothing, shelter, supervision, medical care, and/or education.[4]

On October 17, 2024, the circuit court held an adjudicatory hearing. The petitioner failed to appear, and his counsel moved to continue the hearing to give the petitioner another opportunity to appear. The court granted the motion and reconvened the adjudicatory hearing on December 6, 2024. However, the petitioner failed to appear again, and his counsel reported that the petitioner had not contacted him since early November. The court heard from multiple Child Protective Services ("CPS") workers who testified that the petitioner had a history of abusing methamphetamine when the child was in home; that the petitioner refused to drug screen or participate in offered services; that the mother disclosed that the petitioner attempted to bring methamphetamine and heroin into the home multiple times; and that another child living in the

---

[1] The petitioner appears by counsel Roger L. Lambert. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Counsel Catherine Bond Wallace appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Paternity testing later confirmed that the petitioner was the child's father.

[4] The petition included another child and adult respondents who are not at issue on appeal.

home, who was then seven years old, reported hearing fights between the petitioner and the mother, witnessed the mother with a bloody nose after one such fight, and was afraid of the petitioner. After considering the evidence, the circuit court found that the petitioner failed to provide for the child's physical, emotional, and financial needs; abused methamphetamine and "possibly heroin" in the home while the child was present; and exposed the child to domestic violence. The court also found that, based on the petitioner's failure to appear, he was "choosing not to participate in the[] proceedings or with the [DHS], and that the same [was] an indication that he ha[d] no serious interest in being a father to the child." As such, the circuit court adjudicated the petitioner as an abusing parent and M.F. as an abused and neglected child.

In January 2025, the circuit court held a dispositional hearing. The petitioner did not appear, but he was represented by counsel. The DHS moved to terminate the petitioner's parental rights and proffered that the petitioner had not been in contact with the DHS, sought contact with the child, or participated in any services or drugs screens. The petitioner's attorney explained that he had not had any contact with the petitioner since early November 2024, despite multiple attempts by himself and the DHS to contact the petitioner, and the petitioner having both his and the DHS's contact information. Thus, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because the petitioner "habitually abused and/or [was] addicted to drugs to the extent that proper parenting skills ha[d] been seriously impaired and [the petitioner] ha[d] not responded to or followed through with the recommended and appropriate treatment which could have improved his capacity for adequate parental functioning," and he had "willfully refused . . . to cooperate in the development of a reasonable family case plan designed to lead to the child's return to his care, custody, and control." The court observed that "[t]he D[HS] ha[d] attempted to provide numerous services to the [petitioner], including parenting, domestic violence counseling, and substance abuse treatment; however, [he] ha[d] failed to comply with the same and ha[d] chosen to no longer participate in this proceeding." The court further found that termination of the petitioner's parental, custodial, and guardianship rights was necessary for the child's welfare because he needed continuity in caretakers and required a significant amount of time to be integrated into a stable and permanent home. Thus, the circuit court terminated the petitioner's parental, custodial, and guardianship rights to the child.[5] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating his rights because the DHS failed to prove that he was unable to remedy his "parenting issues." Specially, the petitioner claims that his "shortcomings were not an unsurmountable obstacle" and that, "[w]ith time and assistance," he would have been able to correct such issues. We find the petitioner's argument unavailing.

West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate an abusing parent's parental, custodial, and guardianship rights "[u]pon a finding that there is no reasonable

---

[5] The mother's parental rights were subsequently terminated. The permanency plan for M.F. is adoption in his current placement.

likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." The petitioner's refusal to cooperate or communicate with the DHS and his attorney along with his failure to participate in the proceedings is clear and convincing evidence that the conditions of abuse and neglect could not be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(d)(1) & (3) (defining "no reasonable likelihood that conditions of abuse and neglect can be substantially corrected" to include circumstances where "[t]he abusing parent . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning" and "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child"). On appeal, the petitioner attempts to justify his absence from hearings and his nonparticipation in services by claiming "that his contact information had changed, which led to his missing contact attempts from the providers and with counsel" and that "another party inadvertently informed him of an incorrect hearing date on at least one occasion, namely the disposition hearing." Even assuming this excuse is true, the record shows that the petitioner had the contact information of his attorney and CPS workers, yet there is no evidence that the petitioner ever made an effort to advise anyone that his address or phone number had changed. Moreover, the petitioner never contacted his attorney or CPS workers to inquire about services, the status of his case, or the child. As such, the DHS presented sufficient evidence to support the circuit court's finding that the petitioner could not remedy the conditions of abuse and neglect.

The petitioner also argues that the circuit court erred in terminating his parental, custodial, and guardianship rights instead of employing a less restrictive disposition as outlined in West Virginia Code § 49-4-604(c).[6] He contends that the circuit court could have terminated his custodial rights only and still achieve permanency for the child. However, the petitioner fails to recognize that

> [t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected.

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). For the reasons discussed above, the evidence overwhelmingly supports the circuit court's findings regarding termination of the petitioner's

---

[6] The petitioner also argues that "denying the Petitioner any future visitation with M.F. was not warranted." However, because the petitioner fails to provide any analysis or apply any controlling authority in support of this argument, we decline to address it on appeal. *See State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but [that] are not supported with pertinent authority, are not considered on appeal." (quoting *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996))).

rights, and we find no error in the court's decision not to impose a less restrictive dispositional alternative. Furthermore, this evidence also supports the circuit court's determination that termination of the petitioner's parental, custodial, and guardianship rights was necessary for the child's welfare. *See* W. Va. Code § 49-4-604(c)(6). As such, we conclude that the petitioner has failed to demonstrate error in the circuit court's termination of his rights to M.F.

For the foregoing reasons, we affirm the circuit court's February 6, 2025, order.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4