**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.W., H.W., and S.W.-1**

**No. 25-190** (Randolph County CC-42-2024-JA-41, CC-42-2024-JA-42, and CC-42-2024-JA-43)

## MEMORANDUM DECISION

Petitioner Father S.W.-2[1] appeals the Circuit Court of Randolph County's February 14, 2025, order terminating his parental rights to A.W., H.W., and S.W.-1,[2] arguing that the circuit court erred in terminating his rights without granting him an improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2024, the DHS filed a child abuse and neglect petition alleging that the petitioner was addicted to methamphetamine, struggled to maintain stable housing, violated a domestic violence protective order issued to the children's mother, and engaged in domestic violence with his then-wife resulting in a misdemeanor charge. The petition further alleged that the petitioner's parental rights to other children were involuntarily terminated in 2016 because of drug use, domestic violence, unstable housing, and nonparticipation in an improvement period. In September 2024, the DHS filed an amended petition adding allegations of an additional domestic violence incident between the petitioner and his then-wife, for which the petitioner was incarcerated. At an adjudicatory hearing in October 2024, the petitioner stipulated to the facts in the petition, and the court adjudicated him as an abusing parent and the children as abused and neglected. Thereafter, the petitioner filed a motion for a post-adjudicatory improvement period.

In November and December 2024, the circuit court held dispositional hearings. However, the court continued each hearing because of the unavailability of the petitioner's counsel and the appointment of a new attorney as the petitioner's co-counsel.[3] In January 2025, the circuit court

---

[1] The petitioner appears by counsel Timothy H. Prentice. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel A. Tyler Reseter appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because the petitioner and one of the children share the same initials, we use numbers to differentiate them.

[3] The circuit court appointed L.S. Mallow as co-counsel to represent the petitioner while his counsel was temporarily unavailable.

held the final dispositional hearing. The petitioner failed to appear. The petitioner's co-counsel moved to continue the hearing due to the petitioner's absence. The court denied the motion, stating that the petitioner "was present at the last hearing and has had opportunity to speak with Counsel." A Child Protective Services case worker testified that there had been no change in circumstances since the petitioner's previous involuntary termination. The case worker acknowledged that "early on in the case" the petitioner completed a rehabilitation program but explained that the petitioner "began using [drugs] pretty immediate[ly] afterwards" and was arrested for domestic violence shortly thereafter, which caused him to be incarcerated for most of the case. The case worker also testified that the petitioner was released from incarceration prior to the hearing but had not contacted the DHS. Additionally, the circuit court took judicial notice of the petitioner's stipulation, his criminal history, and his completion of the "adult drug court program." After considering the evidence, the circuit court found that the petitioner's "prior abuse and neglect case and his current abuse and neglect case[] are both identical and there has been no change in his circumstances." The court further found that the petitioner was "fully aware" of the hearing and noted that "his absence ha[d] not helped himself or his attorney." As such, the court concluded that termination of the petitioner's parental rights was necessary for the children's best interests and welfare. Thus, the circuit court terminated the petitioner's parental rights to the children.[4] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court the petitioner argues that the circuit court erred in terminating his parental rights without granting him an improvement period.[5] The petitioner contends that there was "sufficient evidence in this case to permit [him] at least an opportunity to improve and demonstrate that he has improved his parenting ability" because "[h]e has previously completed drug court, is literate, educable and strongly motivated [sic] by his love of his children to complete any reasonable improvement period." We find no merit to the petitioner's argument.

West Virginia Code § 49-4-610(2)(B) permits the circuit court to grant an improvement period when a parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." However, "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, because the petitioner failed to attend the dispositional hearing, he presented no evidence supporting his motion for a post-adjudicatory

---

[4] The permanency plan for the children is to remain with their nonabusing mother.

[5] The petitioner also argues that the circuit court erred in denying his motion to continue the dispositional hearing. However, the petitioner fails to provide any analysis or apply any controlling authority in support of this argument. Accordingly, we decline to address this assignment of error on appeal. *See* W. Va. R. App. P. 10(c)(7) (requiring clear citations to points of fact *and law* presented); *State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but [that] are not supported with pertinent authority, are not considered on appeal." (quoting *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996))).

improvement period. Thus, the petitioner failed to satisfy his burden of proof. Indeed, the evidence presented at the dispositional hearing indicated that improvement was not likely as the petitioner had recently completed drug court and a drug rehabilitation program but relapsed shortly thereafter. Therefore, we discern no abuse of discretion in the circuit court's refusal to grant the petitioner a post-adjudicatory improvement period.

We likewise find no error in the circuit court's decision to terminate the petitioner's parental rights to the children. West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Pursuant to West Virginia Code § 49-4-604(d)(1), there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when the abusing parent is "addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning." For the same reasons discussed above, the record demonstrates that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. Further, the court had ample evidence upon which to find that termination was necessary for the children's welfare, which the petitioner does not challenge on appeal. Accordingly, termination was not in error. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))).

For the foregoing reasons, we affirm the circuit court's February 14, 2025, order.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III