# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs) No. 16-0414** (Raleigh County 15-CAP-3)

**Humane Society of Raleigh County, Inc.,**
**Petitioner**

**FILED**

**January 6, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Humane Society of Raleigh County, Inc., by counsel Michael E. Froble, appeals the order of the Circuit Court of Raleigh County, entered on March 1, 2016, refusing, for lack of standing, petitioner's appeal from a magistrate court order directing the euthanization of a dog. Respondent State of West Virginia appears by counsel John W. Gallaher, Jr.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Circuit Court of Raleigh County entered an order in February of 2015, granting a Petition to Destroy Caninus Familiaris filed by the State. Brenda Jeffrey and Randall Jerome Smith owned Jasper, a male whippet mix that was the subject of the petition. Jeffrey and Smith were charged in separate criminal actions with harboring a vicious dog after Jasper attacked and bit a four-year-old girl and an eight-year-old girl on three separate occasions over several months. The final attack resulted in substantial injuries to one girl's arm. Jeffrey and Smith pled guilty in March of 2015.

Approximately one month after the circuit court granted the State's petition, and after entry of the Jeffrey and Smith guilty pleas, the circuit court vacated its order on the ground that it had no jurisdiction to consider the petition because the criminal charges were proceeding in magistrate court. The magistrate court conducted a hearing on the petition to euthanize Jasper in May of 2015, and petitioner appeared at this hearing, by counsel. Smith did not appear; Jeffrey appeared but chose not to testify. The magistrate court ordered that Jasper be euthanized.

Petitioner appealed the order to the Circuit Court of Raleigh County. On appeal, respondent sought dismissal of the appeal based on petitioner's lack of standing. The circuit court found that Jeffrey and Smith were Jasper's owners and petitioner was "merely the physical

1

custodian of the dog." It thus refused the petition for appeal based on petitioner's lack of standing. This appeal followed.

On appeal, petitioner asserts a single assignment of error: that the circuit court erred in ruling that petitioner had no standing in the matter of Jasper's euthanization. "'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' Syl. pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Blatt*, 235 W. Va. 489, 774 S.E.2d 570, 571 (2015).

We explained in syllabus point 5 of *Findley v. State Farm Mutual Automobile Insurance Company*, 213 W.Va. 80, 576 S.E.2d 807 (2002):

> Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

*See also, Snyder v. Callaghan*, 168 W.Va. 265, 275, 284 S.E.2d 241, 248 (1981) (To have standing, a party must show, inter alia, that the interest to be protected is "arguably within the zone of interests protected by the statute, regulation or constitutional guarantee which is the basis for the lawsuit.").

Petitioner argues that it must be deemed to have standing because the circuit court treated it as having standing throughout the pendency of this matter. However, we have recognized that "[s]tanding is a jurisdictional requirement that cannot be waived, and may be brought up at any time in a proceeding." *Men & Women Against Discrimination v. Family Prot. Servs. Bd.*, 229 W. Va. 55, 60, 725 S.E.2d 756, 761 (2011) quoting Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b), at 21 (Supp. 2004). Petitioner further asserts—without citation to the appendix record on appeal—that "[o]wnership [of Jasper] was transferred" to it in August of 2014, and also—again, without citation to the appendix record on appeal—that the circuit court "ruled [in January of 2015] that [petitioner] was responsible for the financial cost of the euthanasia and costs of housing Jasper. . . ." These unsupported statements are not helpful to our analysis. *See State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013)("[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment."). In further explanation, we note that Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . . [and] *must contain appropriate and specific citations to the record on appeal*[.]

The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). In an Administrative Order entered December 10, 2012, "Re: Filings That Do Not Comply With the Rules of Appellate Procedure," then-Chief Justice Menis E. Ketchum explained in part that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Petitioner's brief is inadequate as it fails to comply with our rules and guidelines. We thus decline to address petitioner's sole assignment of error because it was not properly developed on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 6, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3