**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.N., T.N., L.M., C.N., and F.N.**

**No. 22-0474** (Kanawha County 21-JA-406, 21-JA-407, 21-JA-408, 21-JA-409, and 21-JA-410)

**MEMORANDUM DECISION**

Petitioner Mother K.M.[1] appeals the Circuit Court of Kanawha County's May 17, 2022, order terminating her parental rights to D.N., T.N., L.M., C.N., and F.N.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the DHHR filed a petition alleging that petitioner subjected the children to domestic violence, unfit housing, and extreme maltreatment. Upon responding to a physical altercation between petitioner and her partner, law enforcement found deplorable and unsafe living conditions in the home and the children covered in filth. The DHHR filed an amended petition in February of 2022, recounting numerous other Child Protective Services ("CPS") referrals involving petitioner from 2016-2019 in Pocahontas County and early 2020 to present in Kanawha County. Those referrals contained similar allegations of exposing the children to domestic violence, uninhabitable housing, and neglect. Additional allegations included corporal punishment, marijuana abuse, and educational neglect. Despite petitioner receiving extensive reunification services in Pocahontas County, including parenting and adult life skills classes, petitioner reportedly "continued to demonstrate an inability to provide appropriate, safe, clean housing for the minor children" and did not fully comply with those services. Notably, the amended petition further stated that, after the filing of the instant petition, petitioner admitted to ongoing domestic violence and had allegedly slapped L.M. in the face.

---

[1]Petitioner appears by counsel Faun S. Cushman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Sharon K. Childers appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At the outset, the court ordered petitioner to submit to random drug screens and a parental fitness evaluation. Petitioner did not fully comply with drug screening but did submit to the evaluation. According to the guardian's report, the evaluator rated petitioner's prognosis for improved parenting as extremely poor, noting her failure to acknowledge any wrongdoing, lack of insight into how her poor decision-making impacted the children, failure to benefit from the extensive services previously offered, current noncompliance with drug screening, and continued marijuana abuse.

At the adjudicatory hearing held in March of 2022, petitioner stipulated to abusing controlled substances and exposing the children to domestic violence. She further moved for additional remedial and reunification services; however, the guardian objected due to petitioner's long service history. Ultimately, the court accepted petitioner's stipulation, adjudicated petitioner as an abusing and neglectful parent, and denied her motion for further services, finding that petitioner was unlikely to comply or improve based on her prior CPS history, her failure to drug screen, her denial of the problems giving rise to the petition, and her extremely poor prognosis for improved parenting.

In April of 2022, the court held a dispositional hearing at which the DHHR moved for the court to consider all prior evidence and introduced new testimony related to petitioner's "failure to continue random drug screens since the adjudicatory hearing . . . and [her] insistence that all domestic violence issues were due to [her partner's] family." Further, petitioner's caseworker testified to offering her resources related to housing and domestic violence education, but petitioner declined the resources. Petitioner did not testify or introduce any evidence at the hearing. She, nonetheless, moved for an improvement period. The circuit court denied petitioner's motion, finding that she did not qualify for an improvement period as she failed to meet the threshold of compliance with services, noting her noncompliance with drug screening, and her refusal to avail herself of the resources offered by the DHHR during these proceedings. In further support, the court noted that, despite previously receiving extensive services, she "failed to implement the lessons of those services in a meaningful fashion so as to prevent filing of this [p]etition upon the same issues of domestic violence, substance abuse, truancy, and unstable housing as presented before." Moreover, the court found that any improvement period would be ineffective as petitioner failed to meaningfully acknowledge the circumstances of abuse and neglect, blaming the domestic violence on other family members and minimizing her substance abuse issues. Ultimately, the court concluded that, because of her lack of compliance with court orders and her lack of accountability, petitioner could not correct the conditions of abuse and neglect and that reunification was not in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to all five children.[3]

---

[3]All parents' parental rights have been terminated. The permanency plan for D.N. is adoption by a relative. The permanency plan for T.N. is adoption in the current placement. The permanency plan for L.M., C.N., and F.N. is adoption in specialized foster homes following their successful completion of therapeutic programs, with a concurrent plan of guardianship.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her request for an improvement period. We find no error. As we have previously explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Here, despite stipulating to exposing the children to domestic violence and to abusing controlled substances, petitioner never truly accepted responsibility for her conduct. Instead, petitioner blamed other family members for the domestic violence and minimized her substance abuse issues. Consequently, the circuit court did not err in finding that her lack of meaningful acknowledgement would have rendered any improvement period ineffective as petitioner was not in a position to identify deficiencies in her parenting and correct them. Moreover, to obtain an improvement period under West Virginia Code § 49-4-610, petitioner was required to demonstrate that she was likely to fully participate in the improvement period. Here, petitioner failed to introduce any evidence at disposition indicative of her likelihood to participate in services. In contrast, the record shows that petitioner failed to comply with the only ongoing directive of the court—drug screening—and failed to avail herself of the services offered, declining information on housing and domestic violence education. Further, the evidence demonstrated that improvement was not likely given that these proceedings stemmed from the same issues as petitioner's previous CPS referrals for which she had already received services.[4] As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (confirming that the circuit court has discretion to deny an improvement period when no improvement is likely).

For the same reasons noted above, petitioner also argues that the circuit court erred in terminating her parental rights to the children. However, petitioner ignores the fact that her failure to meaningfully acknowledge the circumstances of abuse and neglect, her attempt to shift

---

[4]On appeal, petitioner states that the circuit court erred in giving weight to the prior services she received but fails to cite to any authority in support of her argument. As we have previously explained, "[t]he decisions of this Court are quite clear. 'Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but . . . not supported with pertinent authority, are not considered on appeal.' *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996)." *State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013). Accordingly, we decline to address this specific argument on appeal.

blame for the domestic violence to her partner's family, her minimization of her substance abuse issues, and her inability to implement lessons learned from prior services is strong evidence of her inability to correct the conditions of abuse and neglect in the near future. Moreover, petitioner continues to reside with her abusive partner despite their history of domestic violence. As such, it is clear that the evidence overwhelmingly supported the circuit court's findings regarding termination. Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 17, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn