**FILED**

**October 25, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.N. and A.C.**

**No. 22-885** (Braxton County CC-04-2022-JA-1 and CC-04-2022-JA-2)

## MEMORANDUM DECISION

Petitioner Father I.C.[1] appeals the Circuit Court of Braxton County's October 3, 2022, order terminating his parental rights to A.N. and A.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2022, the DHHR filed a petition alleging that petitioner sexually assaulted then-six-year-old A.N.[3] Specifically, the child's mother walked into the bathroom where petitioner and the child were showering together to see the child seated in front of petitioner, who had his back to the mother. When she "startled them," petitioner attempted to hide his erect penis. The petition further indicated that petitioner and the mother had a history of showering nude with the child, but that the mother had recently stopped when she got pregnant and could no longer fit in the shower with petitioner and the child. According to the mother, A.N. made additional disclosures of sexual conduct by petitioner. Further, petitioner's actions resulted in a warrant for his arrest on charges of sexual abuse by a parent or guardian and first-degree sexual assault.

In March 2022, the court held an adjudicatory hearing, during which a Child Protective Services worker testified to a conversation with petitioner in which he admitted to showering with A.N. Further, petitioner admitted that A.N. had watched petitioner and the mother engage in sexual acts and that he "had caught the child watching said acts approximately one thousand (1000) times." During the hearing, petitioner also testified and admitted to showering with A.N. and that

---

[1]Petitioner appears by counsel Bernard R. Mauser. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Mackenzie A. Holdren appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]A.N. is not petitioner's biological child. Rather, petitioner served as the child's custodian. The other child in the home, A.C., is petitioner's biological child.

A.N. had watched him engage in sexual acts with the mother. Ultimately, the court found that the DHHR proved, by clear and convincing evidence, that petitioner abused and neglected A.N. and A.C., as "abuse to one child constitutes abuse to all children that reside in the home." The court noted the DHHR's decision not to introduce into evidence A.N.'s recorded Child Advocacy Center interview or the mother's recording of conversations with A.N., but also explained that "[c]ircumstantial evidence is still competent evidence and the [c]ourt will consider the same regarding findings herein." The court noted the mother's "suspicions" regarding petitioner's conduct in the shower with A.N., which had prompted her to sneak into the bathroom "to see what was occurring." The court further found that petitioner abused A.N. by engaging in sexual acts in the child's presence on a regular basis.

Petitioner thereafter participated in a psychological evaluation that resulted in an "extremely poor" prognosis for improved parenting, "[g]iven his failure to accept responsibility for . . . repeatedly exposing [A.N.] to sexual situations and materials, and his lack of insight as to how his behavior has been highly inappropriate." According to the psychologist, there was "no expectation that [petitioner] would benefit from services aimed at behavior modification," although the psychologist did recommend certain services "[i]f the [c]ourt believes an improvement period is appropriate."

The court then held two dispositional hearings, culminating in a final hearing in August 2022. The court heard testimony from the psychologist who evaluated petitioner in which she reiterated her prognosis and the fact that petitioner "did not accept any form of responsibility for his actions." The court also heard from a service provider, who testified that petitioner was initially very defensive of having showered with A.N., "but has started to realize that this was wrong." However, the provider was clear that petitioner "did not believe that his actions of allowing the child . . . to watch he and the respondent mother engage in sexual acts were wrong." Additionally, a visitation supervisor testified to petitioner's visits with A.C., noting that the child "is not familiar" with petitioner, "hesitates to go to" petitioner, and "reaches for [the visitation supervisor] a lot." Finally, petitioner testified and stated that he would comply with an improvement period if his motion for the same was granted. Petitioner also explained that he knew it was inappropriate to shower with A.N. Based upon the evidence, especially petitioner's failure to accept responsibility for his conduct, the court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination of his parental and custodial rights was necessary to protect the children. Accordingly, the court terminated petitioner's "legal, physical, parental and custodial" rights to both children.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit

---

[4]A.N.'s biological father's parental rights were also terminated below. According to respondents, the mother is participating in an improvement period. The permanency plan for the children is to be returned to her custody, while the concurrent plan is adoption in the current placement.

court erred in terminating his parental rights because he alleges that he could have corrected the conditions of abuse and neglect. In advancing this position, petitioner argues that the court could have required him to comply with the services recommended by his psychological evaluator. However, petitioner ignores the fact that the evaluator indicated that she had "no expectation" petitioner could benefit from services and, instead, suggested services only in case the court believed an improvement period was appropriate. Based on the extensive evidence that petitioner failed to accept responsibility for his conduct, it is clear that an improvement period—and, thus, the services the psychologist suggested—would not have been helpful. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted) ("Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . ., results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense."). Further, we have explained that a circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Accordingly, we find no error in the circuit court's denial of petitioner's motion for an improvement period.

We similarly find no error in the circuit court's termination of petitioner's parental and custodial rights to the children.[5] In support of his argument that termination was in error, petitioner argues that West Virginia Code §§ 49-4-604(d)(1) through (6) set forth conditions that demonstrate when there is no reasonable likelihood that a parent can substantially correct the abuse and neglect, but none of those conditions are present here. Without belaboring these subsections, we first note that the Legislature was clear that, while "[t]hose conditions exist in the following circumstances," they "are not exclusive." *Id.* § 49-4-604(d). Further, as explained above, it was petitioner's refusal to accept responsibility for his conduct that rendered the conditions untreatable, thereby serving as a valid basis for the court to make a finding that there was no reasonable likelihood the conditions could be corrected. While petitioner makes much of the fact that the mother was awarded an improvement period, but he was not, his failure to accept responsibility rendered any improvement on his part impossible.

Petitioner further argues that termination was not necessary for the children's welfare, while ignoring the fact that the court found that it was required to ensure their safety, especially considering the lack of a bond between petitioner and A.C. Simply put, there was ample evidence for the court to make the findings necessary for termination of petitioner's parental and custodial rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and

---

[5]In his lone assignment of error, petitioner asserts, in passing, that "the actions of a parent may be such that they forfeit the right to raise their child, such forfeiture must be based upon such acts or conditions that meet the statutory requirements as set forth in §49-4-601, et seq. of the *West Virginia Code*." Although unclear, it appears that petitioner may be suggesting that the conduct for which he was adjudicated did not constitute either abuse and/or neglect under Chapter 49 of the West Virginia Code. However, petitioner does not challenge his adjudication or otherwise present an argument to this effect. Accordingly, we refuse to address any attempt to call petitioner's adjudication into question. *See State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) (citations omitted) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but . . . not supported with pertinent authority, are not considered on appeal.").

custodial rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect and abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 3, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn