# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.P.**

**No. 23-222** (Greenbrier County CC-13-2020-JA-58)

## MEMORANDUM DECISION

Petitioner Mother B.P.[1] appeals the Circuit Court of Greenbrier County's March 22, 2023, order terminating her parental rights to J.P.,[2] arguing that the circuit court erred in denying her an additional improvement period and terminating her parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2020, the DHS filed an abuse and neglect petition against the petitioner based upon her substance abuse while pregnant as the child was born with drugs in her system. At an adjudicatory hearing in December 2020, the petitioner entered a stipulated adjudication admitting to abusing substances while pregnant with J.P., resulting in abuse and neglect of the child, and the circuit court adjudicated her as an abusing parent. The petitioner was granted an improvement period, which was extended multiple times, totaling about ten months. The petitioner successfully completed the terms and conditions of the improvement period, which included substance abuse treatment and counseling. Meanwhile, in May 2022, the petitioner gave birth to her second child.[3]

---

[1] The petitioner appears by counsel Carrie F. DeHaven. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Michael R. Whitt appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner's second child was born in Virginia and resided in Virginia with the petitioner. As the circuit court had no jurisdiction over the second child, the petitioner's parental rights to that child are not at issue in this appeal.

1

Then, on July 27, 2022, J.P. was returned to the petitioner's legal and physical custody, and the matter was dismissed as a result of the petitioner's continued success.

In September 2022, the DHS filed a motion to modify the dispositional order after learning that the petitioner overdosed on fentanyl. According to the DHS's motion for modification, the petitioner had relapsed eleven days after the abuse and neglect case was dismissed. The DHS argued that the petitioner's relapse constituted a substantial change in circumstances and requested termination of the petitioner's parental rights. The petitioner filed a motion requesting an improvement period as an alternative to termination.

Beginning in January 2023, several hearings were held on the DHS's motion for modification and the petitioner's motion for an improvement period. The circuit court heard testimony from the Child Protective Services worker, the children's paternal aunt, the petitioner, and the petitioner's treatment counselor. According to the evidence presented, the petitioner overdosed in her car with her children present on August 7, 2022—eleven days after the abuse and neglect case was dismissed. The petitioner claimed that the relapse was the result of untreated postpartum depression following the birth of her second child in May 2022. The petitioner admitted that she did not inform the DHS of her postpartum depression or request additional services before or after the case was dismissed because she was fearful of losing her children.

After considering the evidence, the circuit court found that the petitioner failed to internalize the services and treatments she received during her improvement periods as her relapse occurred just eleven days following the dismissal of the case. Specifically, the circuit court noted that from the second child's birth in May 2022 until the case was dismissed in July 2022, the petitioner never informed the DHS of any depressive symptoms or requested additional services, nor did she seek help from her doctor or mental health provider. For those reasons, the circuit court concluded that an additional improvement period would be futile. As such, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected, and that termination of the petitioner's parental rights was necessary for the welfare of the child. Accordingly, the circuit court terminated the petitioner's parental rights.[4] It is from the order modifying the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying her request for an additional improvement period. In support of this argument, the petitioner contends that the circuit court was permitted to grant her five to eight

---

[4] The child's father was also adjudicated as an abusing parent. However, the father retained his parental rights and consented to a permanency plan of placing the child in a legal guardianship.

months of an additional improvement period,[5] which would have allowed her to attend another treatment program.[6] We find the petitioner's argument without merit.

West Virginia Code § 49-4-610(3)(D) provides that a circuit court may grant a parent an additional improvement period when she "demonstrates that since the initial improvement period, [she] has experienced a substantial change in circumstances" and that she "is likely to fully participate in the improvement period[.]" The petitioner's brief fails to argue that she made such a showing, and instead focuses on the fact that she had not yet exhausted the amount of improvement periods permitted by law. However, our law is clear that a "parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Circuit courts have discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002); *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). The circuit court expressly found that no improvement was likely because the petitioner failed to internalize and apply the principles taught in the services she received during her initial improvement period, as demonstrated by her failure to seek help or services for the depression she claims to have suffered following the birth of her second child while these proceedings were ongoing. Further, petitioner's stated intention to enter a substance abuse program if granted another improvement period does not amount to clear and convincing evidence of a substantial change in circumstances or that she would fully participate in view of her post-dismissal relapse. Indeed, it is well-established that

> "'[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Syl. Pt. 2, *In re H.D.*, 248 W. Va. 239, 888 S.E.2d 419 (2023).

---

[5] The petitioner cites to no authority for this contention. However, West Virginia Code § 49-4-610(9) provides that "no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph."

[6] In support of her assignment of error, the petitioner asserts that the circuit court did not give any consideration to the fact that she alleged postpartum depression caused her relapse. The petitioner fails to provide any analysis or citations to governing authority concerning this issue in her brief. *See State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). Accordingly, we decline to address this issue.

Moreover, the petitioner's brief offers no argument that the circuit court's findings as to the child's best interests and welfare were erroneous. The record on appeal supports the circuit court's findings that an additional improvement period was not in the child's best interest, that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected, and that termination of the petitioner's parental rights was necessary for the welfare of the child. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child). Accordingly, the circuit court did not abuse its discretion by denying the petitioner an additional improvement period and termination of the petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4