**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.C. and C.C.**

**No. 23-436** (Fayette County CC-10-2021-JA-139 and CC-10-2021-JA-140)

## MEMORANDUM DECISION

Petitioner Mother B.C.[1] appeals the Circuit Court of Fayette County's June 22, 2023, order terminating her parental and custodial rights to J.C. and C.C.,[2] arguing that the circuit court erred in terminating her rights for failing to treat her mental health issues. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2021, the DHS filed an abuse and neglect petition alleging that the petitioner had untreated mental health issues that impaired her ability to properly care for the children and exposed the children to unsafe and unsuitable living conditions. According to the petition, the petitioner was involuntarily committed for delusional behaviors on September 28, 2021. The petitioner reported seeing "military men in the woods with sniper rifles," who she communicated with by writing messages on her van windows and used "magic dust" to make shows for her to watch. She also reported that her neighbor "is full of microchips," some of which she cut out of his forehead and from behind his ear. Additionally, the petition alleged that the home did not have running water or power and was piled with trash.

The record indicates that the petitioner was hospitalized until October 25, 2021. During her hospitalization, she was diagnosed with drug-induced psychotic disorder and schizoaffective disorder and treated with various psychotropic medications. She was also diagnosed with and treated for a urinary tract infection ("UTI"), a thyroid disorder, anemia, and low vitamin D. Upon

---

[1] The petitioner appears by counsel Nancy S. Fraley. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Jamison T. Conrad appears as C.C.'s guardian ad litem. Counsel Taylor Graham appears as J.C.'s guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

discharge, the petitioner was instructed to continue taking the prescribed psychotropic medications and to receive follow-up psychiatric care. In November 2021, the petitioner underwent a psychological evaluation. The evaluating psychologist assessed the petitioner's parenting prognosis as "poor, largely due to active and severe psychotic symptoms [and] current disengagement with mental healthcare." The psychologist recommended that the petitioner should consult with a psychiatrist for medication management of her symptoms.

An adjudicatory hearing was held in January 2022. The petitioner stipulated to having untreated physical and mental health issues that prevented her from providing a safe and suitable home for the children. Based on the petitioner's stipulation, the circuit court found that the children were abused and/or neglected and adjudicated the petitioner as an abusing parent. The petitioner was granted a post-adjudicatory improvement period, the terms and conditions of which included complying with the recommendations of the psychological evaluation and remaining "a participant in good standing with her prescribed physical and mental health treatment."

On August 17, 2022, the petitioner had a psychiatric evaluation as recommended. During her evaluation, the petitioner stated the evaluation was "court ordered" and that "[s]he does not feel like she has any 'major problems' with her mental wellbeing." The petitioner explained "that this whole process" was the result of a report by her mother to law enforcement that she was "doing drugs." The petitioner denied having mental health issues, prior mental health diagnoses, and being on any psychotropic medication—though she reported "sometimes hav[ing] anxiety." Additionally, the petitioner disclosed she had been hospitalized for a "depressive episode" and having a "thyroid crash," but omitted that the hospitalization was involuntary. The evaluator did not review the petitioner's past medical records, reports, or evaluations. Thus, based solely on the petitioner's representations, the evaluator diagnosed the petitioner with anxiety and concluded that the petitioner was not seeking treatment. No follow-up was scheduled, and the report did not include treatment recommendations.

After several continuances, a dispositional hearing was held in May 2023. The DHS requested termination of the petitioner's parental rights and, in support, presented testimony from service providers, the case worker, and the petitioner. The service providers testified that, despite the petitioner's participation, she could not internalize the reason the children were removed and that the services were not beneficial to her. The case worker testified that the petitioner did not comply with her improvement period because she did not address her mental health. During the petitioner's testimony, she asserted that the DHS kidnapped the children; accused the DHS and the circuit court of participating in "human trafficking and child sex crimes"; denied having delusions, hallucinations, or other mental health issues; disagreed with her mental health diagnoses; and admitted that she was not taking her prescribed medications. She adamantly stated that the only health issues she had were a UTI, a thyroid disorder, anemia, and "no" Vitamin D. The petitioner then presented testimony from her mental health counselor. The counselor testified that she had been treating the petitioner for anxiety for a year, albeit inconsistently. She opined that the petitioner did not need medication to manage her anxiety. The counselor stated that she reviewed the August 2022 psychiatric evaluation report and agreed with the conclusions therein. The counselor also admitted that she never reviewed the November 2021 psychological evaluation report, nor was she aware of the petitioner's prior hospitalization.

After considering the evidence, the circuit court found that the petitioner had a "distorted worldview, which cause[d] anxiety and emotional distress to her children," and "continue[d] to live in a world of delusion." The circuit court explained that the petitioner's "continued focus on believing the [DHS] did wrong in removing her child[ren] demonstrate[d] her inability to understand her own contribution to the abuse and neglect of her children." The circuit court further found that the petitioner was unable "to be on a consistent mental health regimen[] that would provide stability for the [children]." As a result, the circuit court determined that the conditions of abuse and neglect could not be substantially corrected in the near future and that the children's best interests required termination of the petitioner's rights. Accordingly, the circuit court terminated the petitioner's parental and custodial rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating her parental and custodial rights for failing to treat her mental health issues because she refused to take medication.[4] The petitioner contends that it was unnecessary for her to take medication because she was attending counseling sessions, her psychiatric evaluation "did not suggest a medication intervention," and her counselor "felt there was no need for medical intervention." In addition, the petitioner contends that the psychological symptoms for which she was hospitalized were caused by a UTI and a thyroid disorder. She explains that after receiving treatment for her physical health issues and participating in counseling, her psychological symptoms diminished.

It is well-established that "to remedy the abuse and/or neglect problem, the problem must first be acknowledged" and "[f]ail[ing] to acknowledge the existence of the problem . . . results in making the problem untreatable." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The record shows that, throughout the case, the petitioner refused to acknowledge, and outright denied, her mental health issues. The petitioner relies heavily on the opinion of her counselor and her psychiatric evaluation report as evidence that she did not have any mental health disorders requiring medication. However, the record shows that the petitioner intentionally misrepresented her medical history and the reason for removal of her children to medical providers to avoid diagnosis and treatment recommendations. This is evidenced by the petitioner's counselor having no knowledge of the petitioner's involuntary hospitalization, mental health disorder diagnoses, or the

---

[3] J.C.'s father is deceased. The father of C.C. is unknown, and his parental, custodial, and visitation rights were terminated below. The permanency plan for the children is adoption in their current placement.

[4] The petitioner also argues that it was error for the circuit court to allow C.C. to refuse to attend visitations with her. However, the petitioner fails to provide any citations to governing authority concerning this issue in her brief. *See State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but [that] are not supported with pertinent authority, are not considered on appeal."). Accordingly, we decline to address this issue.

3

psychotropic medications she was prescribed and stopped taking. Similarly, the petitioner was deceptive at her psychiatric evaluation by mischaracterizing the reason for her hospitalization and lying about having no mental health disorder diagnoses and never taking or being prescribed psychotropic medications. As such, the circuit court was free to accord appropriate weight to the petitioner's August 2022 psychiatric evaluation report and the testimony of the petitioner's counselor, and we refuse to disturb these determinations on appeal. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact.").

Thus, the petitioner's steadfast denial of her mental health issues and need for appropriate treatment demonstrates that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The evidence further supports the circuit court's determination that termination was necessary for the children's welfare. As such, the circuit court had a sufficient basis upon which to make the findings necessary to terminate the petitioner's parental and custodial rights to the children. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental and custodial rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child). Accordingly, termination of the petitioner's parental and custodial rights was not in error.

For the foregoing reasons, the circuit court's June 22, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: September 24, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4