**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.R.-1 and B.R.-2**

**No. 23-321** (Wood County CC-54-2022-JA-20 and CC-54-2022-JA-21)

## MEMORANDUM DECISION

Petitioner Mother M.R.[1] appeals the Circuit Court of Wood County's April 4, 2022, order terminating her custodial rights to B.R.-1 and B.R.-2,[2] arguing that the circuit court erred in finding that she did not substantially comply with the terms and conditions of her improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2022, the DHS filed an abuse and neglect petition alleging that the petitioner failed to provide safe and appropriate supervision of the children. According to the petition, the petitioner would leave for work each morning before a babysitter arrived to care for B.R.-1 and B.R.-2,[3] who were ten and four years old, respectively. The petition included additional allegations describing other instances where the children were left unsupervised while the petitioner was shopping and "getting her nails done." A family member also reported that the petitioner smoked marijuana and left the children alone overnight.

At an adjudicatory hearing in April 2022, the petitioner stipulated that the children were abused and neglected because she failed to provide them with safe and appropriate supervision. The circuit court accepted the petitioner's stipulation and adjudicated her as an abusing and neglecting parent on that basis. The petitioner was granted a post-adjudicatory improvement

---

[1] The petitioner appears by counsel F. John Oshoway. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Kristen E. Ross. Counsel Keith White appears as the children's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because the children share the same initials, we use numbers to differentiate them.

[3] B.R.-2 is autistic and nonverbal.

period, the terms and conditions of which included participation in random drug and alcohol screening. In October 2022, the petitioner received an extension of her post-adjudicatory improvement period.

The dispositional hearing was held in March 2023. The circuit court admitted into evidence a DHS report explaining that the petitioner was participating in adult life skills and parenting classes and supervised visits with the children. The DHS also reported that the petitioner had recently been fired from her job, tested positive for alcohol and cocaine, and was associating with active drug users. Nonetheless, the DHS recommended that the circuit court allow the petitioner to participate in a post-dispositional improvement period. The petitioner requested a post-dispositional improvement period and testified in support thereof. The guardian ad litem, however, requested termination of the petitioner's custodial rights. After considering the evidence, the circuit court found that the petitioner's use of drugs and alcohol violated the terms and conditions of the family case plan and that she had not successfully completed her improvement period, which "tie[d] in to her ability to properly supervise and protect the children." In regard to the petitioner's testimony, the court found that there was "an issue with credibility as to her employment as well as concerns with her credibility on her use of drugs and alcohol." Thus, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be remedied in the future and that the children's welfare necessitated termination of the petitioner's custodial rights. Accordingly, the circuit court terminated the petitioner's custodial rights.[4] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating her custodial rights to the children because she "demonstrated that she ha[d] substantially corrected the failings that caused the filing of the petition."[5] In support,

---

[4] B.R.-1 resides with his nonabusing father. B.R.-2's father's parental rights were also terminated. The permanency plan for B.R.-2 is legal guardianship.

[5] The petitioner's brief lists three assignments of error: that the circuit court (1) erred in finding that she did not substantially comply with the terms and conditions of her improvement period; (2) abused its discretion in denying the petitioner an additional improvement period, and (3) erred by not providing for the least restrictive dispositional alternative. However, the argument section of the brief fails to include headings corresponding to the assignments of error as required by our rules and fails to provide any meaningful analysis concerning these issues. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, *under headings that correspond with the assignments of error*." (emphasis added)); *State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but [that] are not supported with pertinent authority, are not considered on appeal."). Accordingly, we find that the petitioner has abandoned these specific assignments of error on appeal, and they will not be addressed by the Court. Nevertheless, we will consider the issue raised by the petitioner as it is drafted and presented to this Court in the argument section of her brief.

the petitioner first contends that the circuit court based its decision to terminate her custodial rights on her drug and alcohol use, which was not the basis of her adjudication. We disagree, as the record shows that the basis of the circuit court's decision was the petitioner's failure to comply with the family case plan and terms of her improvement period. In *In re K.L.*, 247 W. Va. 657, 669, 885 S.E.2d 595, 607 (2022), we explained that drug screening can be required in cases where adjudication is not based on substance abuse as long as it is "properly incorporated into the terms of petitioner's improvement period and a statutorily required family case plan." Here, the petitioner admits that drug screening was a term of her improvement period and that she used drugs and alcohol during her improvement period. As such, the circuit court's finding that the petitioner did not successfully complete her improvement period or comply with the family case plan by using drugs and alcohol is supported by the record.

The petitioner further contends that the circuit court "ignored all [of her] significant improvements." We disagree. The petitioner's limited compliance with certain services below was insufficient to demonstrate that she fully corrected the conditions of abuse and neglect at issue. Indeed, as we have explained, "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (citation omitted). Furthermore, the circuit court found that the petitioner's testimony concerning her alleged improvement lacked credibility, and we refuse to disturb this determination on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, the record supports the circuit court's findings that there was no reasonable likelihood the conditions of abuse or neglect could be substantially corrected and that termination was necessary for the children's welfare. *See* W. Va. Code § 49-4-604(d)(3) (explaining that "no reasonable likelihood that conditions of abuse or neglect could be substantially corrected" includes circumstances where an abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies."). Accordingly, we find no error in the termination of the petitioner's custodial rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child).

For the foregoing reasons, the circuit court's April 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 24, 2024

3

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING**:

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.